NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

POINSETT LUMBER & MANUFACTUR-
ING COMPANY, Respondent.

No. 6921.

United States Court of Appeals,
Fourth Circuit.

Argued March 14, 1955.

Decided April 1, 1955.

Irving M. Herman, Attorney, National Labor Relations Board, New York City (David P. Findling, Associate General Counsel; Marcel Mallet-Prevost, Asst. General Counsel, and Elizabeth W. Weston, Attorney, National Labor Relations Board, Washington, D. C., on brief), for petitioner.

Arthur E. Pettit, New York City, and C. F. Haynsworth, Jr., Greenville, S. C. (Winthrop, Stimson, Putnam & Roberts, New York City, and Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board finding the Poinsett Lumber and Manufacturing Company guilty of unfair labor practices based upon a finding of refusal to bargain and one instance of an alleged threat made to a union employee because of union membership. The refusal to bargain is admitted, but the company claims that the union certified as bargaining agent does not represent a majority of employees in the bargaining unit. An election was conducted under the supervision of the Board but the union received a majority of only a very few votes and the company contends that the result was achieved as the result of threats and pressure exerted on behalf of the union. The company duly filed objections to the election, raising substantial questions as to threats and intimidation and asking a hearing with regard thereto. Instead of ordering a hearing, the Board, acting upon the report of investigation by its Regional Director, certified the union as bargaining representative notwithstanding the exceptions of the company thereto and its request for a hearing again made. On the hearing in the unfair labor practice proceeding, the company offered evidence of the threats and coercion upon which it relied, but this was excluded by the trial examiner.

The rules and regulations of the National Labor Relations Board clearly contemplate that a hearing shall be granted when substantial questions are raised as to the validity of an election. Section 102.61 of the regulations provides, in part:

"If exceptions are filed, either to the report on challenged ballots, objections, or both if it be a consolidated report, and it appears to the Board that such exceptions do not raise substantial and material issues with respect to the conduct or results of the election, the Board may decide the matter forthwith upon the record, or may make other disposition of the case. If it appears to the Board that such exceptions raise substantial and material factual issues, the Board may direct the regional director or other agent of the Board to issue and cause to be served upon the parties, a notice of hearing on said exceptions before a hearing officer. The hearing shall be conducted in accordance with the provisions of sections 102.56, 102.57, and 102.58, insofar as applicable. Upon the close of the hearing, the agent conducting the hearing, if directed by the Board, shall prepare and cause to be served upon the parties a report resolving questions of credibility, and containing findings of fact and recommendations to the Board, as to the disposition of the challenges or objections, or both, if it be a consolidated report."

If the Board had granted a hearing in accordance with this rule, the evidence taken thereon would have been made a part of the record in the representation proceeding and would have been before the Board in the unfair labor practice hearing and before this court on the review of the Board's action taken with respect thereto. 29 U.S.C.A. § 159 (d). The Board, however, did not grant a hearing to the company but acted upon an investigation made by its Regional Director at which the company was given

no opportunity to present the evidence upon which it relied in support of the substantial questions which it had raised as to the validity of the election by the exceptions which it had filed thereto. The Board determined that the questions were not substantial on the basis of the report filed by the Regional Director without affording the company an opportunity to be heard and without having before it the evidence upon which the Regional Director had based his report. Under such circumstances, we think that the company was entitled to present its evidence at the unfair labor practice hearing before the Trial Examiner and that the order should be set aside and the cause remanded to the Board in order that the evidence may be taken and considered by the Board in passing upon the validity of the election.

■ If a hearing had been held and the evidence had been taken and passed upon by the Board in the representation proceeding, the Board would not be required to go into the matter again in the absence of special circumstances showing that it was in the interest of justice that this be done; but the evidence has not been taken nor a hearing accorded the company at any time even though substantial questions affecting the validity of the election had unquestionably been raised by its exceptions. We think that it is entitled to a hearing at some stage of the proceedings so that it may produce the evidence upon which it relies for consideration by the Board and for consideration by this court in proceedings to enforce or set aside the Board's order. As said by the Supreme Court in N. L. R. B. v. Indiana and Michigan Electric Co., 318 U.S. 9, 28, 63 S.Ct. 394, 405, 87 L.Ed. 579:

"The Act accords a great degree of finality to the Board's findings of fact, and this Court has been insistent that the admonition of the Act be strictly observed. But courts which are required upon a limited review to lend their enforcement powers to the Board's orders are granted some discretion to see that the hearings out of which the conclusive findings emanate do not shut off a party's right to produce evidence or conduct cross-examination material to the issue. The statute demands respect for the judgment of the Board as to what the evidence proves. But the court is given discretion to see that before a party's rights are finally foreclosed his case has been fairly heard. Findings cannot be said to have been fairly reached unless material evidence which might impeach, as well as that which will support, its findings, is heard and weighed."

See also N. L. R. B. v. West Texas Utilities Co., 5 Cir., 214 F.2d 732.

■ On the question as to the threat, we do not think that the finding of the Board that a threat was made is supported by substantial evidence. The language relied on amounts to no more than an expression of opinion that if the employee lost his job he could not get employment in another mill in that area and he might not have a job long. If this language had been used on the eve of an election or during an organizational campaign it might well have been treated as a threat; but the election was over at the time and no organizational campaign or other union activity was in progress. It appears to be no more than idle conversation between employees of the company, and certainly is not of sufficient importance standing alone to form the basis of a Board order.

The order of the Board will be set aside and the cause will be remanded to the Board with direction to hear the evidence offered by the company with respect to the validity of the election.

Remanded.