**Paul BIAZEVICH et al., Plaintiffs,**

v.

**Henry W. BECKER et al.,
Defendants.**

**Civ. No. 126.**

United States District Court
S. D. California,
Central Division.
March 31, 1958.

Hill, Farrer & Burrill, by Quentin Ogren, Los Angeles, Cal., for plaintiffs.

Daniel J. Harrington, Chief Law Officer, National Labor Relations Board, Los Angeles, Cal., for defendant.

Gilbert, Nissen & Irvin, by Robert W. Gilbert, Los Angeles, Cal., amici curiae.

YANKWICH, Chief Judge.

This cause came on to be heard upon a complaint of Paul Biazevich et al. requesting that defendants Henry W. Becker, Regional Director of the Twenty-First Region of the National Labor Relations Board, George H. O'Brien, a Board attorney, and Karl W. Filter, a Board field examiner, be ordered to produce before defendant Wallace E. Royster, a trial examiner of the Board, before whom a hearing of the National Labor Relations Board in unfair labor practice cases is being held and in which complainants are respondents, certain specified documents pursuant to the terms of certain subpenas duces tecum issued during the hearing by said Royster; that they be restrained from further participation in the unfair labor practice cases until such documents are produced; that defendant Royster be enjoined from closing the hearing in the unfair labor practice cases until said subpenas have been fully complied with; and that Section 102.87 of the Board's Rules and Regulations, as applied in these cases, be declared unconstitutional. Defendants have filed a motion to dismiss the complaint. Upon consideration of the aforesaid complaint, motion to dismiss, memoranda of law and oral argument of counsel, the Court makes the following:

### Findings of Fact

1. On November 19, 1957, in the course of the unfair labor practice hearing, counsel for plaintiffs applied to defendant Royster as trial examiner in charge of the hearing for subpenas duces tecum requiring the other defendants to produce a variety of documents allegedly containing statements made by witnesses against plaintiffs to Regional Board officials during their investigation of the cases.

2. Pursuant to Section 11(1) of the National Labor Relations Act, 29 U.S. C.A. § 161(1), defendant Royster issued the subpenas forthwith and they were served upon the three defendant Regional Board officials.

3. Thereafter, motions to quash the subpenas were filed with defendant Royster on the ground that Section 102.87 of the Board's Rules and Regulations forbade disclosure of the documents called for in the subpenas. In applicable part this section reads as follows:

"No regional director, field examiner, trial examiner, attorney, specially designated agent, general counsel, member of the Board, or other officer or employee of the Board shall produce or present any files, documents, reports, memoranda, or records of the Board or testify in behalf of any party to any cause pending in any court or before the Board, or any other board, commission, or other administrative agency of the United States, or of any State, Territory, or the District of Columbia with respect to any information, facts, or other matter coming to his knowledge in his official capacity or with respect to the contents of any files, documents, reports, memoranda, or records of the Board, whether in answer to a subpena, *subpena duces tecum,* or otherwise, without the written consent of the Board or the chairman of the Board if the official or document is subject to the supervision or control of the Board; or the general counsel if the official or document is subject to the supervision or control of the general counsel. * * *"

4. Defendant Royster, reading Section 11(1) of the Act and Section 102.31 (b) of the Board's Rules and Regulations as limiting the grounds for revoking subpenas to irrelevancy and lack of specificity, ruled that the privilege ground asserted by the other defendants was not a ground for revocation of the subpenas and denied the motion to quash. Section 11(1) in applicable part states:

"* * * Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required. * *"

Section 102.31, to the extent here applicable, paraphrases Section 11(1) of the Act.

5. Thereupon, the three defendant Regional Board officials took the stand and refused to testify or produce the documents listed in the subpenas on the ground that they were prohibited to do so by Section 102.87 of the Board's Rules and Regulations.

6. Plaintiffs then requested the General Counsel of the Board to initiate subpena enforcement proceedings against the three Regional Board officials pursuant to Section 11(2) of the Act and Section 102.31(d) of the Board's Rules and Regulations. Section 11(2) of the Act provides:

"In case of contumacy or refusal to obey a subpena issued to any person, any district court of the United States or the United States courts of any Territory or possession [or the District Court of the United States for the District of Columbia],

within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof."

Section 102.31(d) of the Rules provides:

"Upon the failure of any person to comply with a subpena issued upon the request of a private party, the general counsel shall in the name of the Board but on relation of such private party, institute proceedings in the appropriate district court for the enforcement of such subpena, but neither the general counsel nor the Board shall be deemed thereby to have assumed responsibility for the effective prosecution of the same before the court."

7. On January 10, 1958, the three Regional Board officials, on whom the subpenas were served, filed with the Board a request for leave, pursuant to Section 102.26 of the Board's Rules and Regulations, to appeal from the defendant Royster's denial of the motions to quash the subpenas. Section 102.26 in relevant part provides:

"* * * Unless expressly authorized by the Rules and Regulations, rulings by the regional director and by the trial examiner on motions, by the trial examiner on objections, and orders in connection therewith, shall not be appealed directly to the Board except by special permission of the Board, but shall be considered by the Board in reviewing the record, if exception to the ruling or order is included in the statement of exceptions filed with the Board, pursuant to section 102.-46. Requests to the Board for special permission to appeal from such rulings of the regional director or the trial examiner shall be filed promptly, in writing, and shall briefly state the grounds relied on. * * *"

8. The General Counsel then denied plaintiffs' request that subpena enforcement proceedings be instituted on the ground that the appeal to the Board from defendant Royster's ruling was pending.

9. On January 22, 1958, the Board denied the request for leave to appeal, stating in its ruling:

"* * * Since Section [102.87 of the Rules and Regulations] has been declared valid by the Board in The Great Atlantic & Pacific Tea Company (118 N.L.R.B. No. 138), said Becker, O'Brien and Filter property declined to produce documents or testify. Because the result contemplated by the policy enunciated by the Board decision in that case has been achieved, it appears that there is no occasion to appeal."

10. Plaintiffs then again requested the General Counsel to institute subpena enforcement proceedings.

11. On February 11, 1958, the General Counsel replied that he was refusing to enforce the subpenas since the General Counsel intended to move the Board to reconsider its ruling of January 22, 1958. On February 11, 1958, a motion for reconsideration of the Board's prior denial of leave to appeal was filed with the Board.

12. Meanwhile, on February 10, 1958, plaintiffs filed the complaint in these cases.

13. On February 12, 1958, counsel for plaintiffs and defendants appeared before this Court and agreed that the unfair labor practice cases before the Trial Examiner would not be closed until this Court had issued its decision herein.

14. On February 12, 1958, an order to show cause was issued by the Court setting February 26, 1958, as the date

for a hearing upon plaintiffs' request for a preliminary injunction and defendants' response thereto.

15. On February 20, 1958, the Board notified the parties in the unfair labor practice cases that it had granted the motion for reconsideration filed on February 11, and that upon such reconsideration, it had allowed the appeal from defendant Royster's ruling and had revoked the subpenas involved herein.

16. On February 21, 1958, the Board issued an order revoking the subpenas.

17. On February 24, 1958, defendants filed a motion to dismiss the complaint on three grounds: (a) that since the subpenas have ben revoked there is nothing before the Court to be enforced; (b) that subpenas issued in Board proceedings may not be enforced in the suit of a private party; and (c) that in any event the subpenas are invalid and not subject to enforcement in that they require the production of documents which are privileged against disclosure.

18. On February 24, 1958, the Court issued an order shortening the time within which the hearing would be held on the motion to dismiss, and set the motion for hearing on February 26, 1958.

19. On February 26, 1958, motion of Seine and Line Fishermen's Union of San Pedro, AFL-CIO, for leave to appear as amicus curiae was granted.

20. On February 26, 1958, argument was heard by the Court, upon plaintiffs' request for a preliminary injunction and defendants' motion to dismiss the complaint, in which counsel for the plaintiffs, for the defendants and for the amicus curiae participated.

### Conclusions of Law

1. The complaint does not state a claim over which this Court has jurisdiction. The federal district courts are without jurisdiction to intervene during the course of an unfair labor practice proceeding before a trial examiner of the National Labor Relations Board, for the purpose of deciding questions raised in that proceeding. The exclusive procedure for judicial review of such ques-

tions is provided by the National Labor Relations Act itself. Sections 10(e) and (f) of the Act provide for full review by the Courts of Appeals, following a final Board decision, of all questions which may be presented during an unfair labor practice case, and plaintiffs herein are required by the Act to follow that procedure to obtain a judicial determination of the questions they seek to have reviewed by this action. Northrop Corporation v. Madden, D.C.S.D.Cal.1937, 30 F.Supp. 993; Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 58 S. Ct. 459, 82 L.Ed. 638.

2. Plaintiffs are not entitled by Section 11(2) of the Act to maintain this action. That Section permits district court enforcement of subpenas only upon suit of the Board, and not of a private party. If the Board declines to institute an *ex rel.* proceeding for the enforcement of a subpena issued at the request of a private party the propriety of this action can be reviewed under Sections 10(e) and (f) of the Act, as described in paragraph 1, above, and such action may not be made the basis for a private suit for injunction in the federal district court. This conclusion is not altered by Section 6(c) of the Administrative Procedure Act, 5 U.S.C.A. § 1005(c), which does not enlarge the Act's subpena enforcement procedures.

3. The subpenas in question have been revoked by the Board, so that in any event there is nothing before this Court to enforce.

4. Section 102.87 of the Board's Rules and Regulations, which privileges non-public documents of the Board against disclosure, is not, on its face, invalid.

5. Plaintiffs' application for a temporary injunction will be denied, and defendants' motion to dismiss the complaint will granted.

### Order

In accordance with the foregoing findings of fact and conclusions of law, it is ordered, adjudged and decreed that:

1. The motion for a temporary injunction is hereby denied.

2. The motion to dismiss is hereby granted, and the complaint is hereby dismissed.

3. Leave is hereby granted to amend the complaint within 30 days.