280 F.2d 205
 VAPOR BLAST MANUFACTURING COMPANY, a Wisconsin business corporation, Plaintiff-Appellant,
v.
Ross M. MADDEN, individually and as Regional Director of Region 13, of National Labor Relations Board, and Gerald S. Patterson, individually and as Counsel for the Office of the General Counsel of the National Labor Relations Board, Defendants-Appellees.
 No. 12869.
 United States Court of Appeals Seventh Circuit.
 June 30, 1960.
 
 Earl A. Glick, Chicago, Ill., Philip L. Padden, H. William Ihrig, Milwaukee, Wis., Milton Gerwin, Chicago, Ill., for appellant.
 Stuart Rothman, General Counsel, Elliott Moore, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, Duane B. Beeson, Attorneys, National Labor Relations Board, Washington, D. C., for appellee.
 Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.
 HASTINGS, Chief Judge.
 
 
 1
 This is an appeal from an order of the district court dismissing a complaint for declaratory judgment filed by plaintiff-appellant, Vapor Blast Manufacturing Company (Company), against defendants-appellees, Ross M. Madden, individually and as Regional Director of Region 13, National Labor Relations Board (Board), and Gerald S. Patterson, individually and as counsel for the office of the General Counsel of the Board. The basis of the dismissal was that the court had no jurisdiction over the subject matter of the complaint.
 
 
 2
 The Company is a Wisconsin corporation, located in Milwaukee, engaged in the business of engineering, manufacturing and selling certain equipment, parts and supplies. In October and November, 1958, six unfair labor practice charges against the Company were filed with Madden, as Regional Director of the Board. Madden commenced an investigation of the charges pursuant to Board rule, 29 U.S.C.A.App. § 101.4. As part of this investigation, certain questions relating to the charges were submitted to several management officials of the Company. Although the questions were answered, the Company contends it was not able to answer fully and fairly because of Madden's denial of its request to inspect the affidavits of witnesses supporting the charges supplied to and in possession of the Board. On March 24, 1959, an unfair labor practice complaint was issued against the Company based upon the result of the administrative investigation of the charges. Early in May, 1959, the Company appealed to the General Counsel of the Board from Madden's denial of an opportunity to inspect the documents in question and from his additional denial of a motion to dismiss the charges due to insufficient evidence. In addition, the Company applied to the General Counsel for permission to inspect the affidavits considered by Madden in his investigation of the unfair practice charges. On May 25, 1959, the General Counsel rejected the Company's appeal and denied its separate application for inspection.
 
 
 3
 Prior to the unfair practice hearing scheduled for June 2, 1959, the Company filed in the district court a petition for a temporary order restraining the hearing. The order was denied because the Company failed to show irreparable injury. In addition, in a complaint for declaratory judgment, the Company asked that the court declare the Company's right to inspect the affidavits in question and, after inspection, to reply to the allegations made therein in the course of what would be, in effect, a review by Madden of the substantiality of the charges. In addition, the Company asked to have the unfair practice complaint held in abeyance during such review.
 
 
 4
 The unfair practice hearing was held as scheduled. The case has progressed within the administrative framework of the Board; and on January 12, 1960, the Board issued its decision finding that the Company had committed certain unfair labor practices and requiring appropriate remedial action. Vapor Blast Manufacturing Co., 126 NLRB No. 6, 45 L.R.R.M. 1271.
 
 
 5
 On October 14, 1959, upon consideration of briefs the district court ordered the dismissal of the Company's declaratory judgment complaint on the ground that it had no jurisdiction over the subject matter. This order is the basis of the present appeal.
 
 
 6
 The Company's central substantive position is that the denial of inspection of the affidavits in the Board's possession irreparably injured it because of its inability to reply adequately to the charges and the complaint and to prepare fully for the unfair practice hearing. It states that the discovery it seeks is authorized by Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and it is noted that Section 10(b) of the Labor-Management Relations Act, 1947, 29 U.S.C.A. § 160(b) (the Act), requires that unfair labor practice proceedings "so far as practicable [shall] be conducted in accordance with the rules of evidence applicable in the district courts of the United States." The Company contends that the rules of the Board which allowed the Board to suppress the documents in question here are invalid and unconstitutional. The operation of all these factors, allegedly, deprived the Company of its due process rights to a full and fair proceeding.
 
 
 7
 The Board answers that the district court had no jurisdiction over the subject matter of this case; that the General Counsel, not joined here, is an indispensable party to the action and therefore the court lacked jurisdiction over the case; and that, in any event, the action and rules attacked here were reasonable and did not deprive the Company of its constitutional rights.
 
 
 8
 The substantive questions raised by the Company have been at issue in several recent cases before this court,[1] but in each of these cases the procedural posture was such that we did not reach the issue. For the reasons explained, infra, again in this case we do not determine the substantive question.
 
 
 9
 In this and similar actions, parties to Board proceedings have attempted to secure examination of documents in the Board's files. However, in Section 102.94 (b), 29 U.S.C.A.App., the Board has found confidential and not available to public inspection all evidence collected by the Board (with limited exceptions discussed, infra) and all files, documents, reports, memoranda and records pertaining to the Board's internal management or to the investigative stage of proceedings. The rule makes provision for inspection upon the permission of the Board, its chairman, the general counsel, or any regional director.[2] Lacking such permission, Board employees are prohibited from producing the files and related documents pursuant to a subpoena duces tecum or from testifying as to their contents and are instructed to move to quash such subpoena on the ground that the evidence is privileged against disclosure. See Sections 102.95, 102.31 and 102.66, 29 U.S.C.A.App.
 
 
 10
 This rule was relaxed subsequent to the decision of the Supreme Court in Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. The court of appeals, in National Labor Relations Board v. Adhesive Products Corp., 2 Cir., 1958, 258 F.2d 403, applied the Jencks rule to a non-confidential statement sought to be examined in the course of Board proceedings. In turn, the Board, in Ra-Rich Manufacturing Corporation, 121 NLRB 700 (1958), reversed its prior position[3] and held that it would adhere to what was, in effect, the Jencks rule to allow examination of a witness's prior statement for the purpose of impeachment.[4] Examination of Board documents, therefore, was limited to Board consent or to a situation where a witness might be impeached by his prior statement.
 
 
 11
 The Company here, however, asserts that applicable statutes and due process require even more broad rights of examination — discovery not only for impeachment, but also more generally to aid it in the preparation of its case.[5]
 
 
 12
 We do not reach the resolution of the substantive issue here.[6] We must first determine whether it was proper to raise this issue in a direct action in a district court while Board action was pending or whether the issue, if saved, must properly be considered by the court of appeals in a normal review of Board action as contemplated by Section 10(e) of the Act, 29 U.S.C.A. § 160(e).
 
 
 13
 We hold that the district court properly dismissed the complaint for lack of jurisdiction over the subject matter.
 
 
 14
 The review provisions of the Act, 29 U.S.C.A. § 160(e) and (f), provide adequate and full opportunity for the Company to raise the contentions it tendered in its complaint in the district court. Under the provisions of Section 10(e) of the Act, in an enforcement proceeding the Company may put in issue the question of whether it was deprived of its rights to procedural due process by the Board's action of suppressing the documents in question.
 
 
 15
 District courts possess general jurisdiction under the provisions of 28 U.S.C.A. § 1337 unless the review provisions of the Act destroy it. Leedom v. Kyne, 1958, 358 U.S. 184, 187, 79 S.Ct. 180, 3 L.Ed.2d 210. And in certain instances, a district court's jurisdiction will be invoked, thereby precluding exclusive review by the provisions of the Act. Leedom v. Kyne, supra.[7] However, with full judicial review available upon a petition for enforcement, the Company has presented no circumstances indicating that it will suffer an irreparable injury which would invoke the power of an equity decree compelling the Board to disclose the documents in question. The sole immediate injury of which the Company has complained is its expense in defending against the unfair labor practice complaint. But, as was stated in Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 51-52, 58 S.Ct. 459, 464, 82 L.Ed. 638, "the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."
 
 
 16
 The Myers case, supra, is authority for the path we follow here. There, employer-respondent in an unfair labor practice case alleged that its business did not affect commerce and therefore the commerce power of Congress and, in turn, the Board did not extend to its manufacturing operations. Rather than raise this issue before the Board, employer obtained a temporary injunction from a district court restraining Board proceedings. The Supreme Court held that Congress had intended that this jurisdictional fact should first be determined by the Board subject to review by the proper court of appeals; and prior to the exhaustion of the remedies provided by the Act, a district court could not interfere with Board proceedings.
 
 
 17
 The Company strenuously attempts to distinguish Myers on the ground that Board procedures were not an issue in that case. We agree with this factual distinction. But merely raising a constitutional issue in its complaint for declaratory judgment, when full appellate review of the administrative proceedings is available and in the absence of any extenuating circumstances, is insufficient to give the district court jurisdiction over the subject matter in the face of the well-established doctrine of exhaustion of administrative remedies. Elm City Broadcasting Corp. v. National Labor Relations Board, D.C.Conn.1954, 123 F.Supp. 838, 840.[8] For cases similar to the instant case, where district courts have refused to intervene in Board proceedings, see N. L. R. B. v. Erkkila, D.C.N.D. Cal., 35 CCH Lab.Cas. ¶ 71,650 (1958); Biazevich v. Becker, D.C.S.D.Cal.1958, 161 F.Supp. 261; Cf. Thompson Products v. National Labor Relations Board, 6 Cir., 1943, 133 F.2d 637.
 
 
 18
 We reject the Company's contention that the determination by Madden to file an unfair practice complaint is an adjudication subject to intermediate judicial review under Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009. The decision to file such complaint here is an example of the "preliminary, procedural, or intermediate agency action * * * subject to review upon the review of the final agency action." Section 1009(c), supra.
 
 
 19
 Because of our disposition of the case in the manner described, we do not reach the question of whether the General Counsel is an indispensable party to this action.
 
 
 20
 The order of the district court dismissing the complaint for declaratory judgment is
 
 
 21
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 E. g., Kiekhaefer Corporation v. National Labor Relations Board, 7 Cir., 1960, 273 F.2d 314; Madden v. International Hod Carriers' Building and Common Laborers' Union of America, Local No. 41, AFL-CIO, 7 Cir., 277 F.2d 688
 
 
 [2]
 The necessity of making such request is emphasized in National Labor Relations Board v. General Armature & Mfg. Co., 3 Cir., 1951, 192 F.2d 316 and National Labor Relations Board v. Jamestown Sterling Corp., 2 Cir., 1954, 211 F.2d 725
 
 
 [3]
 The Great Atlantic and Pacific Tea Company, 118 NLRB 1280 (1957). Cf. National Labor Relations Board v. Thayer Co., 1 Cir., 1954, 213 F.2d 748, 758; National Labor Relations Board v. T.W. Phillips Gas & Oil Co., 3 Cir., 1944, 141 F.2d 304, 306
 
 
 [4]
 Section 102.95, 29 U.S.C.A.App., provides:
 "* * * after a witness called by the general counsel has testified in a hearing upon a complaint under section 10(c) of the act the respondent may move for the production of any statement of such witness in possession of the general counsel, if such statement has been reduced to writing and signed or otherwise approved or adopted by the witness. Such motion shall be granted by the trial examiner. If the general counsel declines to furnish the statement, the testimony of the witness shall be stricken."
 
 
 [5]
 For the necessity of a party's showing a "need" for the discovery of documents in Board possession, see National Labor Relations Board v. Quest-Shon Mark B. Co., 2 Cir., 1950, 1085 F.2d 285, 289-90; Poinsett Lumber and Manufacturing Company, 109 NLRB 1079, 1084 (1954); International Broadcasting Corporation (KWKH), 102 NLRB 1434, 1435-36 (1953); Standard Coil Products, Inc., 99 NLRB 899, 900 (1952). But cf., "There is no provision in the Act authorizing the use of the discovery procedure." National Labor Relations Board v. Globe Wireless, 9 Cir., 1951, 193 F.2d 748, 751
 
 
 [6]
 The constitutional validity of the Board's rule making its documents confidential against general discovery has been affirmed in National Labor Relations Board v. Chambers Manufacturing Corporation, 5 Cir., 1960, 278 F.2d 715 and Biazevich v. Becker, D.C.S.D.Cal.1958, 161 F.Supp. 261. See also Raser Tanning Company v. N.L.R.B., 6 Cir., 1960, 276 F.2d 80
 
 
 [7]
 See discussion of the power of the district court to enforce inter-union contract provisions in N.L.R.B. v. Weyerhaeuser Company, 7 Cir., 1960, 276 F.2d 865, 874-75
 
 
 [8]
 A district court had jurisdiction to review a certification proceeding where it was alleged that the lack of a hearing unconstitutionally deprived the incumbent union of property rights. There, rights of judicial review were not directly available. Fay v. Douds, 2 Cir., 1949, 172 F.2d 720, 723. Cf. Fitzgerald v. Douds, 2 Cir., 1948, 167 F.2d 714