**UNITED AIRCRAFT CORPORATION,**
Appellant,

v.

**Frank W. McCULLOCH, Chairman, et al.,
members constituting the National Labor Relations Board, et al., Appellees.**

**No. 20163.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 16, 1966.

Decided July 21, 1966.

Mr. Joseph C. Wells, Washington, D. C., for appellant.

Mr. Glen M. Bendixsen, Attorney, National Labor Relations Board, of the bar of the Supreme Court of California, pro hac vice, by special leave of court, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, and Warren M. Laddon, Attorney, National Labor Relations Board, were on the brief, for appellee, McCulloch, et al.

Mr. Mozart G. Ratner, Washington, D. C., with whom Mr. Plato E. Papps, Washington, D. C., was on the brief, for appellees, Local Lodges Nos. 743 and 1746, International Association of Machinists, AFL–CIO.

Before BASTIAN, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

BASTIAN, Senior Circuit Judge:

This is an appeal from an order of the District Court (1) denying appellant's motion for preliminary injunction to restrain the members of the National Labor Relations Board in their conduct of an unfair labor practice case (which is still pending before the Board), and (2) granting the motion of appellees (Board) for summary judgment for lack of juris-

diction over the subject matter of the action. The injunction sought the withdrawal of a Board order entered on an interlocutory appeal, overruling the trial examiner's dismissal of certain allegations in the General Counsel's complaint. Relief *inter alia* was also sought to regulate the manner in which the Board shall dispose of future interlocutory appeals from the examiner's rulings during the remainder of the present hearing.

It seems to us that a mere statement of the relief sought is sufficient to demonstrate want of jurisdiction in the District Court to proceed. Doing so would make the District Court an appellate tribunal over interlocutory rulings of the Board. Congress has directed the route for proceedings such as this, and no detour has been provided.

We think this case is governed by Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). There the Supreme Court held that a United States District Court had no jurisdiction to enjoin the Board from holding a hearing, and reiterated the following language from its decision in National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 46, 47, 57 S.Ct. 615, 81 L.Ed. 893:

" 'The Board must receive evidence and make findings. The findings as to the facts are to be conclusive, but only if supported by evidence. The order of the Board is subject to review by the designated court, and only when sustained by the court may the order be enforced. Upon that review all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right or statutory authority are open to examination by the court. We construe the procedural provisions as affording adequate opportunity to secure judicial protection against arbitrary action in accordance with the well-settled rules applicable to administrative agencies set up by Congress to aid in the en-

forcement of valid legislation.' " 303 U.S. at 49, 58 S.Ct. at 463.

Since *Myers* the courts have, without exception, ruled that the exclusive review of proceedings involving unfair labor practices abides in the Circuit Courts of Appeals under Section 10(e) and (f) of the National Labor Relations Act, and that interlocutory rulings of the Board in the course of such proceedings may not be considered by federal District Courts. Certainly, the review sections of the National Labor Relations Act provide for review of final orders of the Board; there is no provision for review of interlocutory orders "because the power 'to prevent any person from engaging in any unfair practice affecting commerce,' has been vested by Congress in the Board and the Circuit Court of Appeals". *Id.* at 48, 58 S.Ct. at 462.

The case most relied on by appellant, Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961), is not authority for such action as is sought here. The relief granted by the District Court in that case was from an action considered by the court to be final. In the present proceeding, far from the action being final, the hearings are continuing before the Board. No action has been taken sustaining or dismissing the charges filed by the General Counsel and, while the delay in decision does seem lengthy, we are not able to say that the cause of the delay was entirely one-sided. If the decision of the Board is adverse to appellant, it has an adequate remedy in the appropriate Circuit Court of Appeals, where "the regularity of [the Board's] proceedings, all questions of constitutional right or statutory authority, are open to examination by the court."

Of course, we express no opinion as to the merits of the controversy between the parties, or any claimed abuse of discretion.

The judgment of the District Court is affirmed.