**EX–CELL–O CORPORATION, Plaintiff,**

v.

**William T. LITTLE, Regional Director, Twenty-Fifth Region National Labor Relations Board, and Owsley Vose, Trial Examiner, National Labor Relations Board, Defendants.**

**Civ. A. No. IP 66–C–313.**

United States District Court
S. D. Indiana,
Indianapolis Division.

Dec. 13, 1966.

Kenneth C. McGuiness, Washington, D. C., Riley M. Sharp, Elwood, Ind., for plaintiff.

Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C., for defendants.

## MEMORANDUM RULING ON MOTION FOR SUMMARY JUDGMENT

HOLDER, District Judge.

The defendants filed their motion to dismiss the complaint in this action, or in the alternative, for a summary judgment. The complaint filed June 29, 1966 seeks an order enjoining defendant, Vose, a trial examiner of the National Labor Relations Board, from closing an unfair labor practice hearing in which Ex-Cell-O Corporation (the Company) is respondent (Board Case No. 25–CA–2377) until defendant, Little, Regional Director of the Board's Twenty-fifth Region, produces certain documents requested in a subpoena duces tecum served upon him by the Company, but later revoked by the Board. The requested summary judgment is granted.

On October 22, 1964, pursuant to Section 9 of the National Labor Relations Act, a representation election was conducted among the production and maintenance employees at the Company's plant, to determine whether such employees desired to be represented for collective bargaining purposes by International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, AFL–CIO (herein "the Union"). A majority of the ballots cast were in favor of the Union. Thereafter, on October 29, 1964, the Company filed timely objections alleging that the election should be set aside because the Union's campaign literature misrepresented the employer's conduct and because Union agents engaged in pre-election conduct which restrained and coerced employees. In accordance with the National Labor Relations Board Rule and Regulations (Section 102.69), the Acting Regional Director conducted an investigation, and on December 29, 1964, issued a Supplemental Decision in which he stated the facts as determined

from the investigation, applied Board precedents to the facts as found, and concluded that the objections should be overruled. On January 25, 1965, the Company filed with the Board a request for review of this decision in which it challenged two of the factual determinations made in the decision. The Board, by order dated April 23, 1965, granted the request for review and directed that a hearing be conducted for purposes of taking evidence to resolve the factual issues raised by the request for review. Pursuant to the Board's order, a hearing was held on May 18 and 19, 1965. The Company participated and was given full opportunity to examine and cross-examine witnesses, and to offer relevant evidence. On July 15, 1965, the Board's hearing officer issued a report in which he made factual findings on the disputed issues and recommended that the objections be overruled and that the Union be certified as the collective bargaining representative. Thereafter, on August 17, 1965, the Company filed timely exceptions to the report, and on October 28, 1965, the Board issued its Decision on Review in which it adopted the findings and the recommendation that the Union be certified.

On November 9, 1965, the Company notified the Union that it would not bargain because it wished to test the Board's certification. On November 23, 1965, on the basis of the Company's refusal to bargain, Regional Director Little issued a complaint in Board Case No. 25–CA–2377 alleging, *inter alia,* that the Company was engaging in an unfair labor practice in violation of Section 8(a) (1) and (5). On December 6, 1965, the Company filed an answer to the unfair labor practice complaint asserting, *inter alia,* that the certification of the Union was invalid and void. On December 9, 1965, the Board's General Counsel filed a motion to strike portions of the Company's answer to that complaint and for entry of summary judgment on the issue of the alleged violations of Section 8(a) (1) and (5) of the Act. Thereafter, on January 5, 1966, a Board Trial Examiner Thomas N. Kessel, ordered the Company to show cause why the motion for summary judgment should not be granted. On February 14, 1966, pursuant to Section 11(1) of the Act, Company counsel applied to the Board for a subpoena duces tecum requiring Regional Director Little to produce "all files, documents, reports, affidavits and records, and other papers pertaining to the investigation, or investigations" conducted by the Regional Director in the representation proceeding. As required by Section 11(1), the Board issued the requested subpoena duces tecum forthwith and it was served by the Company upon the Regional Director. On February 21, 1966, the Regional Director filed a petition to revoke the subpoena on the grounds, *inter alia,* that the subpoenaed materials were privileged and irrelevant to the unfair labor practice hearing. On March 4, 1966, the Company filed a response, and on April 1, 1966, Trial Examiner Kessel issued an order denying the General Counsel's motions to strike portions of the complaint and for summary judgment. Trial Examiner Kessel also ordered that disposition of the Regional Director's petition to revoke the subpoena be deferred until the unfair labor practice hearing opened. On June 1, 1966, Trial Examiner Vose opened the unfair labor practice hearing. As a preliminary matter Vose heard argument on the Regional Director's petition to revoke the subpoena duces tecum. After consideration of the matter, Vose revoked the subpoena duces tecum. The unfair labor practice hearing was not completed on June 1, 1966, but was adjourned until a later date. On June 8, 1966, the Company filed with the Board a request for special permission to appeal the Trial Examiner's revocation of the subpoena. By a telegram order dated June 22, 1966, the Board denied the request. Defendants filed a motion to dismiss the complaint or, in the alternative, for summary judgment in their favor on July 18, 1966.

 The complaint based upon the foregoing facts does not state a claim

over which this Court has jurisdiction. The Federal District Courts are without jurisdiction to intervene during the course of an unfair labor practice proceeding before a Trial Examiner of the National Labor Relations Board for the purpose of deciding questions raised in that proceeding. The exclusive procedure for judicial review of such questions is provided by the National Labor Relations Act itself. Sections 10(e) and (f) of the Act provide for full review by the Courts of Appeals, following a final Board decision, of all questions which may be presented during an unfair labor practice case and plaintiff herein is required by the Act to follow that procedure to obtain a judicial determination of the questions it seeks to have reviewed by this action. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Chicago Automobile Trade Ass'n v. Madden, 328 F.2d 766, 768 (C.A.7), cert. denied, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747; Vapor Blast Mfg. Co. v. Madden, 280 F.2d 205, 208, 209 (C.A.7), cert. denied 364 U.S. 910, 81 S.Ct. 273, 5 L.Ed.2d 225; Bokat v. Tidewater Equipment Co., 363 F.2d 667 (C.A.5); United Aircraft Corp. v. McCulloch, 365 F.2d 960 (C.A.D.C.); Biazevich v. Becker, 161 F.Supp. 261 (S.D.Cal.).

 Plaintiff is not entitled by Section 11(2) of the National Labor Relations Act to maintain this action. That section permits District Court enforcement by subpoenas only upon suit of the Board, and not of a private party. If the Board declines to institute an *ex rel.* proceeding for the enforcement of a subpoena issued at the request of a private party the propriety of this action can be reviewed under Sections 10(e) and (f) of the Act, as described in paragraph 1, above, and such action may not be made the basis for a private suit for injunction in the Federal District Court.

Section 6(c) of the Administrative Procedure Act, 5 U.S.C.A. § 1005(c), does not enlarge the subpoena enforcement procedures of the National Labor Relations Act. Biazevich v. Becker, 161

F.Supp. 261 (S.D.Cal.) 265, N. L. R. B. v. Erkkila, 42 LRRM 2594 (N.D.Cal.) both of which are cited with approval in Vapor Blast Mfg. Co. v. Madden, 280 F.2d at 208, 209 (C.A.7).

The subpoena in question has been revoked by the Board, so that in any event there is nothing before this Court to enforce.