INTERTYPE COMPANY, a DIVISION
OF HARRIS–INTERTYPE
CORP., Plaintiff,

v.

John A. PENELLO, Regional Director, Region 5, National Labor Relations Board, George Bokat, Chief Trial Examiner, National Labor Relations Board, and John Doe, an Unnamed Trial Examiner, National Labor Relations Board, Defendants.

No. 66–C–34–H.

United States District Court
W. D. Virginia,
Harrisonburg Division.

Feb. 18, 1967.

Kenneth C. McGuiness, Vedder, Price, Kaufman, Kammholz & McGuiness, Washington, D. C., Flournoy L. Largent, Jr., Largent, Anderson & Larrick, Winchester, Va., for plaintiff.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., David C. Sachs, Regional Atty., Region 5, N. L. R. B., Baltimore, Md., for defendants.

## OPINION

MICHIE, District Judge.

Plaintiff, Harris-Intertype Corporation, seeks to have this court compel the production of an investigation file compiled by the defendant John A. Penello, Regional Director, Region Five of the National Labor Relations Board, during a union certification proceeding so that its contents may be made available to the Company for preparation of its defense and also be made part of the record in a subsequent unfair labor practice proceeding. Additionally, plaintiff requests that this court order the reopening of the hearing before the trial examiner in the unfair labor practice proceeding so that if this court does order the production of the investigation file it may be entered into evidence and made a part of the record in the present pro-

ceeding.[1] The essence of plaintiff's complaint is that, by refusing to make the investigation file available, defendant Penello has deprived the plaintiff of the opportunity of a full and fair hearing in the unfair labor practice proceeding and, further, that the absence of this evidence in the record will preclude meaningful judicial review. While I can well understand the Company's desire to obtain, and rebut if necessary, the evidence upon which its objections to the certification were overruled, I have concluded that I do not have the power to reach the merits thus presented.

On June 21, 1966, pursuant to a direction of election issued by the defendant Penello in accordance with Section 9 of the National Labor Relations Act, 29 U.S.C. § 159, a representation election was conducted among the production and maintenance employees at the plaintiff company's Winchester, Virginia, plant to determine whether such employees desired to be represented for collective bargaining purposes by International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, AFL–CIO. A slight majority of the ballots cast in that election were in favor of the union. A vigorous organizing campaign had apparently preceded the election and, shortly after the election, on June 27, 1966, the Company filed timely objections alleging that the election should be set aside, *inter alia*, (a) because the Union's campaign literature and statements misrepresented the employer's conduct, (b) because a Union agent had engaged in improper electioneering and (c) because conduct on the part of the Board, indicating to employees that it favored the Union, had destroyed the required "laboratory atmosphere".

Objections to the election having been noted, Regional Director Penello conducted an investigation as required by the National Labor Relations Board rules and regulations, 29 C.F.R. 102.69, and on August 5, 1966 issued a supplemental decision and certification of representative in which he stated the facts as determined from the investigation, applied Board precedents to the facts as found and concluded that the objections should be overruled. The applicable regulations, 29 C.F.R. 102.69(c), provide that the Regional Director shall conduct an investigation followed by a decision which may be made with or without a hearing. Director Penello did not call for a hearing in this instance and made his findings purely upon the basis of the *ex parte* investigation. During the process of this investigation to determine if the Company's objections were of merit, Penello solicited information from several of the Company's employees. The extensive report issued by Penello along with the supplemental decision and certification of representative did not disclose the names of the employees nor the substance of their testimony. This part of the evidence which may well have influenced his reported findings is not of record. It is this undisclosed evidence upon which the decision and certification of August 5, 1966 may have been based to which the Company now requests access.

■ On August 15, 1966 the Company filed with the Board a request for review of the Regional Director's decision. By telegram order dated August 31, 1966, the Board denied this request on the ground that it raised "no substantial issues warranting review." No direct judicial review is available to the Company from a certification decision. In order to test the Board's certification the Company must refuse to bargain with the certified representative, thereby committing an unfair labor practice in viola-

---

1. In its complaint plaintiff had requested that the court enjoin the trial examiner from closing the unfair labor practice proceeding until the record of investigation could officially be entered into evidence. This court has been advised that, since the complaint was filed, the trial examiner has concluded the hearing but that, if the court so orders, he will reopen it for the purpose of making the controversial evidence of record.

tion of Section 8(a) (5) of the Act, 29 U.S.C. § 158(a) (5). Accordingly, on September 21, 1966 the Company notified the Union that it would not bargain because it wished to test the Board's certification. On October 12, 1966, on the basis of the Company's refusal to bargain, Regional Director Penello issued a complaint alleging, *inter alia*, that the Company was engaging in an unfair labor practice. On November 3, 1966 the Company filed an answer to the unfair labor practice complaint asserting, as a defense, that the certification of the Union was invalid and void.

Counsel for the plaintiff Company subsequently informed the defendant Penello by letter, followed the next day by a subpoena *duces tecum*, that it would require him to produce "all files, documents, reports, memoranda, affidavits, notes, correspondence and records pertaining to the investigation or investigations conducted by the Regional Director" in the above mentioned representation proceeding. As required by Section 11(1) of the Act, 29 U.S.C. § 161(1), the Board issued the requested subpoena *duces tecum* and it was served by the Company upon Regional Director Penello.

Shortly thereafter Director Penello filed a petition to revoke the subpoena alleging that the subpoenaed materials were privileged and irrelevant to the unfair labor practice hearing. As a matter preliminary to the unfair labor practice proceeding, the trial examiner took up the Regional Director's petition to revoke the subpoena *duces tecum* and, after consideration, granted the petition to revoke. After the taking of testimony and the consideration of other matters raised by the parties, but without considering any of the evidence sought to be produced by the subpoena *duces tecum*, the trial examiner closed the unfair labor practice hearing. Following the trial examiner's decision on the Regional Director's petition to revoke the subpoena *duces tecum*, plaintiff Company commenced suit in this court to obtain the desired relief.

There can be no doubt that, if the materials in the investigation file were to be made available to the Company, they would be of great assistance to the Company in its preparation of a defense in the unfair labor practice proceeding. The inclusion of the materials would most certainly make the record more complete and would allow both the Board and the Court of Appeals to make a more knowledgeable review. Also arguing for the Company is current well-founded judicial policy favoring disclosure. See e. g., Communist Party of United States v. Subversive Activities Control Bd., 102 U.S.App.D.C. 395, 254 F.2d 314 (D.C.Cir.1958); NLRB v. Adhesive Products Corp., 258 F.2d 403 (2d Cir. 1958).

However, the issue before this court is not whether the Company makes out a meritorious case but rather whether this court has jurisdiction to act.

Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938) established that a district court did not have jurisdiction to enjoin the hearing of a case before, or to review any interlocutory order of, the National Labor Relations Board because the Congress had vested the exclusive power of review in the Circuit Courts of Appeals and for the additional reason that " * * * no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers,* supra, at pp. 50, 51, 58 S.Ct. at p. 463. The *Myers* ruling has consistently been approved and the principle has become well established that a district court does not possess the power to police either the procedural or the substantive purity of a proceeding in progress before the Board. Bokat v. Tidewater Equipment Company, 363 F.2d 667 (5th Cir. 1966).

In the recent case of United Aircraft Corp. v. McCulloch, 125 U.S.App.D.C. 27, 365 F.2d 960 (1966) the court was asked to reverse a ruling of the district court holding that it lacked the power to restrain the Board or to review the pro-

priety of the trial examiner's dismissal of certain allegations in the complaint. The Court of Appeals said at p. 961:

It seems to us that a mere statement of the relief sought is sufficient to demonstrate want of jurisdiction in the District Court to proceed. Doing so would make the District Court an appellate tribunal over interlocutory rulings of the Board. Congress has directed the route for proceedings such as this, and no detour has been provided.

\* \* \* \* \* \*

Since *Myers* the courts have, without exception ruled that the exclusive review of proceedings involving unfair labor practices abides in the Circuit Courts of Appeals under Section 10(e) and (f) of the National Labor Relations Act, and that interlocutory rulings of the Board in the course of such proceedings may not be considered by federal District Courts. Certainly, the review sections of the National Labor Relations Act provide for review of final orders by the Board; there is no provision for review of interlocutory orders "because the power 'to prevent any person from engaging in any unfair practice affecting commerce,' has been vested by Congress in the Board and the Circuit Court of Appeals". [*Myers, supra*, 308 U.S. at p. 48, 58 S.Ct. 459]

Accord: Chicago Automobile Trade Ass'n v. Madden, 328 F.2d 766 (7th Cir. 1964).

The wisdom of exhaustion of administrative remedies required by *Myers* is amply demonstrated by the number of cases which the Board handles each year.[2] Most of these cases are disposed of at the Board level and never require judicial review. However, opening the district courts to policing the procedural purity of this large number of cases would strain the present court system beyond its capacity.

The *Myers* principle is, however, not without exceptions, and case law has allowed district court interference in Board proceedings in a few narrowly circumscribed instances, all of which have been thought to be based upon "exceptional circumstances." Boire v. Miami Herald Publishing Company, 343 F.2d 17, 21 (5th Cir. 1965). As the precise argument advanced by the Company in this case has been passed on but once before[3], it is proper that its case be evaluated in light of those few exceptions. Any such evaluation will, of course, require an exploration of the merits of the Company's case.

One exceptional set of circumstances is presented where the matter of which review is requested presents "public questions particularly high in the scale of our national interest because of their in-

2. As demonstrated by the following table, sheer volume puts the job beyond the resources of the Courts as now established:

| Unfair Labor Practice Cases | Fiscal Year Ended June 30, 1965* |
|---|---|
| Charges filed | 15,800[1] |
| Complaints issued | 2,498[3A] |
| Formal Hearings Completed | 1,491[3A] |
| Decisions & Orders by Board | 1,374[3A] |
| Proceeding Decided by Courts of Appeals on petitions for review and/or enforcement | 212[19] |

* 30 NLRB Ann.Rep. app. A (1965). The bracketed numbers beside the figures refer to tables in the appendix from which the figures were obtained.
From: Bokat v. Tidewater Equipment Company, 363 F.2d 6067, at p. 669. (5th Cir. 1966).

3. In the case of Ex-Cell-O Corporation v. Little, et al., 268 F.Supp. 755, S.D. Ind., decided December 13, 1966, Judge Holder found arguments identical to those advanced here to be without merit and granted defendant's motion for summary judgment.

ternational complexion". McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 17, 83 S.Ct. 671, 675, 9 L.Ed.2d 547 (1963). This exception has no application to the instant case as no international implications are present.

A second exception allows the district court to assert jurisdiction where there has been a substantial showing that Board action has infringed the constitutional rights of the complaining party. Fay v. Douds, 172 F.2d 720 (2d Cir. 1949). This exception has been fashioned primarily by the Second Circuit and has had limited application elsewhere. See Boire v. Miami Herald Publishing Company, supra, 343 F.2d p. 21 and footnote 7. The Company has alleged that the refusal of the defendant to produce his investigation file has deprived it of a constitutionally protected right, that is, the right to a fair hearing. A finding of no necessity to invoke the exception could well be predicated upon the lack of substance to the allegation. Compare Leedom v. International Bhd. of Electrical Workers, 107 U.S.App.D.C. 357, 278 F.2d 237 (1960). However, more appropriate reliance may be placed upon the reasoning of the Court of Appeals of the Seventh Circuit in Chicago Automobile Trade Ass'n v. Madden, supra, 328 F.2d at p. 769, where the court concluded that an allegation of constitutional harm which might be corrected by later administrative action or upon judicial review with little chance of intervening irreparable injury does not warrant district court jurisdiction. Adopting this rule and finding both adequate review and little chance of irreparable injury, I conclude that this exception is not applicable.

A third principal exception is predicated upon the decision of the Supreme Court in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). There the Court upheld a district court injunction setting aside a board election and certification where

This suit is not one to "review," in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act.

*Kyne* at p. 188, 79 S.Ct. at p. 184.

Implicit in *Kyne* is the concept that vindication of the violated rights necessitated district court intervention. A corollary, considering the impact of *Myers*, is that when an adequate method for vindication exists in the scheme of review established by statute district court intervention is improper. See Bokat v. Tidewater Equipment Co., supra, 363 F. 2d at pp. 671, 672.

A fourth exception, resting as does that of *Kyne* on the concurrence of an abrogation of a specifically conferred right and the unavailability of adequate judicial review, is found in Deering-Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961). This case was not one to review agency action but was brought pursuant to Section 10(e) of the Administrative Procedure Act, 5 U.S.C. § 1009(e), to compel agency action wrongfully withheld. The Court of Appeals in a definitively thorough opinion concluded that Section 6(a) of the Administrative Procedure Act, 5 U.S.C. § 1005(a), gave the complaining party a "specific statutory right" to have his hearing concluded with reasonable dispatch and that, as judicial review to prevent delay was adequate only through district court intervention, a district court was vested with power to act. Delay on the part of the agency was considered implicitly to constitute exhaustion of administrative remedies.

The task at hand is to ascertain the applicability of these exceptions to the present case which arises out of an unfair labor practice proceeding suffered as the means of obtaining judicial review of a contested certification. Each of the first three mentioned exceptions arose in the context of a certification proceeding where, as noted previously, access to judicial review is limited. The implication is that the limitation of judicial review enhances the possibility of district

court intervention as judicial review is inherently more "inadequate". On the other hand, there is an expressed Congressional intent underlying Section 9 of the Act that the certification process should proceed without delay-causing interruptions, thus affording an additional reason for district court restraint at this stage.[4] I find that these considerations so balance each other that the *Kyne* exception may, in the proper case, be applied equally to an unfair labor practice proceeding. Such is the indication of *Milliken*. However, *Milliken* itself is restricted in that its holding supports district court jurisdiction in an unfair labor practice proceeding only where agency action is unreasonably delayed and it may be distinguished on the ground that an independent basis for district court intervention existed under Section 10(e) of the Administrative Procedure Act.

I have allowed for the purposes of this case that in the appropriate instance, where inadequate judicial review of a denial of a specific statutory right exists, the *Kyne-Milliken* combination may permit a district court jurisdiction to intervene in an unfair labor practice proceeding. Evaluating the Company's

claims under this liberal concept, I have found them insufficient to permit this court to intervene in this case.

The Company maintains that Section 9(d) of the Act, 29 U.S.C. § 159(d), directly commands that the notes, statements and affidavits taken by defendant Penello during his post-election investigation of the Company's objections be made a part of the "complete record" so that they may be before the trial examiner in the unfair labor practice proceeding and before the Court of Appeals upon a petition for judicial review. Additionally, the Company urges that when the material becomes of record, it must also be made available to the Company as the defendant in the unfair labor practice proceeding.

A literal reading of Section 9(d) would appear to support the Company's position.[5] The crux, of course, is the meaning of the term "record of such investigation". The Board acknowledges that the record would include the transcript of a hearing if such had been held, but argues that in this case it must include only the report of the Regional Director which contains the findings resulting from his *ex parte* investigation.[6]

---

4. The following passage from the House Reports captures the reason for the restraint directed by Section 9:

> When an employee organization has built up its membership to a point where it is entitled to be recognized as the representative of the employees for collective bargaining, and the employer refuses to accord such recognition, the union, unless an election can promptly be held to determine the choice of representation, runs the risk of impairment of strength by attrition and delay while the case is dragging on through the courts or else is forced to call a strike to achieve recognition by its own economic power. Such strikes have been called when election orders of the National Labor Relations Board have been held up by court review. H.R.Rep.No. 972, 74th Cong., 1st Sess., 5.

5. Section 9(d) reads:

> Whenever an order of the Board made pursuant to Section 160(c) of this title is based in whole or in part upon facts certified following an investigation pur-

suant to subsection (c) of this section and there is a petition for the enforcement or review of such order, *such certification and the record of such investigation shall be included in the transcript of the entire record* required to be filed under subsection (e) or (f) of Section 160 of this title, and thereupon the decree of the court enforcing, modifying, or setting aside in whole or in part the order of the Board shall be made and entered upon the pleadings, testimony, and proceedings set forth in such transcript. [Emphasis added]

6. The Board defends its right to make reasonable rules regarding disclosure and relies upon 29 C.F.R. § 102.117 which reads in part:

> * * * all matters of evidence obtained by the Board or any of its agents in the course of investigation, which have not been offered in evidence at a hearing before a trial examiner or hearing officer or have not been made part of an official record by stipulation

Arguing in favor of the Company's interpretation is that the Regional Director by his decision of whether the objections raise "substantial and material factual issues" which necessitate a hearing can determine what the record will contain. 29 C.F.R. § 102.69(c), (f). At a hearing, of course, the Company will also be made aware of the evidence adduced against it and will have a right to cross-examine with a limited access to prior employee affidavits for purposes of impeachment. Raser Tanning Co. v. NLRB, 276 F.2d 80 (6th Cir. 1960); Harvey Aluminum v. NLRB, 335 F.2d 749 (9th Cir. 1964).

 However, important considerations argue against the Company's position, and, in the case of such an *ex parte* investigation, would limit the "record of investigation" to the Regional Director's report. The precise holding of Kearney and Trecker Corp. v. NLRB, 209 F.2d 782 (7th Cir. 1953) is not binding as that case dealt with a pre-election investigation file, which the court concluded could not be considered on review and, therefore, would have no place in the record. But *Kearney and Trecker* is applicable to the extent that it makes such investigation files subject to a qualified privilege against disclosure. The reason was enunciated in Texas Industries v. NLRB, 336 F.2d 128, at p. 134 (5th Cir. 1964):

> In order to assure vindication of employee rights under the Act, it is essential that the Board be able to conduct effective investigations and secure supporting statements from employees. We feel that preserving the confidentiality of employee statements is conducive to this end.

And in NLRB v. National Survey Service, 361 F.2d 199, at p. 206 (7th Cir. 1966) the court emphasized:

> Statements made during an investigation by employees to Board agents may and often do reveal an employee's and

his co-workers' attitudes and activities in relation to a union and their employer. If an employee knows that statements made by him will be revealed to an employer, he is less likely, for fear of reprisal, to make an uninhibited and non-evasive statement, a circumstance complicating a determination of the actual facts in a labor dispute.

It is abundantly clear that the Board must effect a delicate balance.

 The employer is not without protection. If he can demonstrate that substantial factual issues existed and when only an *ex parte* investigation has been the basis for an overruling of his objections to the election, he must be given a hearing in the unfair labor practice proceeding. NLRB v. Poinsett Lumber and Mfg. Co., 221 F.2d 121 (4th Cir. 1955). At such a hearing he must be given the right to cross-examine and will have the use of prior statements for impeachment purposes which are available through established Board procedures. See W. T. Grant Co. v. NLRB, 337 F.2d 447 (7th Cir. 1964). Additionally, the employer may interrogate employees in preparation for the hearing if such interrogation is relevant to the issues. NLRB v. National Survey Service, supra. Considering the interests to be balanced, the production of the investigation file must rest within the sound discretion of the Board, and consequently Section 9(d) does not establish a "specific statutory right", the abrogation of which would be ground for this court's taking jurisdiction.

 The Company urges that Section 6(c) of the Administrative Procedure Act, 5 U.S.C. § 1005(c), acts in concert with Section 11(2) of the National Labor Relations Act to allow a district court to intervene to enforce a subpoena. In order for this court to have jurisdiction, it would have to appear that these sections establish a specific statutory right.

---

* * * are for good cause found by the Board held confidential and are not matters of official record or available

to public inspection, unless permitted by the Board, its chairman, the general counsel, or any regional director.

to the relief requested. In answer to the Company's contention, the conclusion of Biazevich v. Becker, 161 F.Supp. 261 (S.D.Cal.1958) is adopted without qualification. There the court stated at p. 265:

Plaintiffs are not entitled by Section 11(2) of the Act [National Labor Relations Act] to maintain this action. That Section permits district court enforcement of subpenas only upon suit of the Board, and not of a private party. If the Board declines to institute an *ex rel.* proceeding for the enforcement of a subpena issued at the request of a private party the propriety of this action can be reviewed under Sections 10(e) and (f) of the Act as described in paragraph 1, above, and such action may not be made the basis for a private suit for injunction in the federal district court. This conclusion is not altered by Section 6(c) of the Administrative Procedure Act, 5 U.S.C.A. § 1005(c), which does not enlarge the Act's subpena enforcement procedures.

■ Plaintiff Company seeks support also from the recently enacted but not yet effective "Freedom of Information" Bill. It has been unnecessary to ascertain the applicability of the Bill for it would seem beyond cavil that an enactment which does not yet have the force of law cannot be the source of the specific statutory right needed to allow this court jurisdiction.

■ Lest it be forgotten, it must be emphasized again that not only must the Company demonstrate that the agency has abrogated a specific statutory right, but also the Company, as the complaining party, must show that the established procedure for judicial review is inadequate. Deering-Milliken, Inc. v. Johnson, supra 295 F.2d at p. 862. For this additional reason the Company's case must fail, for as to each of the grounds for complaint upon which it relies, an entirely adequate review exists under Section 10(e) or (f) of the Act. If, on review, the material in the investigation file is found to be properly a part of the record, the Court of Appeals may expand the record, Kearney and Trecker Corp. v. NLRB, supra; or it may remand to the Board with directions that the material be made of record. NLRB v. Poinsett Lumber and Mfg. Co., supra. If the Board has improperly refused to enforce a subpoena, this, too, will be reviewed by the Court of Appeals. See Biazevich v. Becker, supra.

Vapor Blast Mfg. Co. v. Madden, 280 F.2d 205 (7th Cir. 1960) and NLRB v. Vapor Blast Mfg. Co., 287 F.2d 402 (7th Cir. 1961) point the way to the proper disposition of the present controversy.

Vapor Blast Mfg. Co. v. Madden was an appeal to the Court of Appeals from a district court order refusing to enjoin the unfair labor practice proceeding then in progress before the Board and refusing to order the production of affidavits in the possession of Regional Director Madden. The Court of Appeals affirmed the district court's dismissal of the complaint for lack of subject matter jurisdiction and emphasized that the merits would be reached only in a review proceeding properly instituted under Sections 10(e) or (f) of the Act.

The proceeding continued before the Board which concluded that the Company had committed an unfair labor practice. The Company refused to comply with the Board's order and, therefore, the Board instituted a petition for enforcement under Section 10(e) giving rise to the case styled NLRB v. Vapor Blast Mfg. Co. Properly, the Court of Appeals proceeded immediately to the merits and devoted extensive consideration to the Company's complaint that relevant material had been improperly secreted by the Board. The court recognized the delicate balancing of interests necessary and concluded that the need for confidentiality vested the Board with discretion to make and administer reasonable rules regarding disclosure.

I am certain that upon the termination of the unfair labor practice proceeding in this case our Court of Appeals will be equally as thorough in its consideration of any petition to review the Board's decision.

Plaintiff Company has properly noted its objection to the revocation of its subpoena by the trial examiner. Having so preserved the point, the Company is assured of review under Section 10(e) or (f). Where review is adequate, and no exceptional circumstances exist, the statutory scheme of review is exclusive. This court lacks jurisdiction to require the defendant Penello to produce the requested investigation file and, therefore, the complaint will be dismissed.