### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### G & J COMPANY, Inc., Respondent.

#### No. 15080.

United States Court of Appeals Third Circuit.

Argued April 8, 1965.

Decided June 16, 1965.

Elliott C. Lichtman, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Atty., N. L. R. B., on the brief), for petitioner.

Samuel Weitzman, Weitzman, Brady & Weitzman, Newark, N. J., for respondent.

Before GANEY and FREEDMAN, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge.

This is a petition by the National Labor Relations Board for enforcement of a cease-and-desist order, which includes reinstatement of four employees with reimbursement for lost wages.

The Board's finding that the respondent violated Section 8(a) (1) of the Act, 29 U.S.C. 158(a) (1), by coercively interrogating its employees, by threatening them, and by promising benefits for their withdrawal from the union, although not precisely admitted, has not been challenged before this Court. In fact, there can be no question of the sufficiency of the evidence to sustain the Board's finding on this point.

Upon the issue of reinstatement, the question as to three of the employees involved is whether their layoffs were occasioned by their union connection and activities or by legitimate economic considerations. Upon the question of the employer's motivation, the record is replete with statements made by the respondent's president, both in a speech to assembled employees and in conversations with individuals, showing a determination on his part to prevent by every means possible the entry of any union into the plant and to visit loss of employment upon such of the employees as might attempt to join or to form a union. The Board rejected, and properly, the contention made before it that evidence was lacking to show that the president knew of the union activities of these particular employees.

There was evidence that additional men were hired just before the layoffs, and the Board, after comparing the economic situation in 1962 with an earlier period, rejected the explanation offered by the respondent of a reduction in force to meet a seasonal decline in business. That the layoffs of these three employees were caused by their union activities is almost an inescapable conclusion.

As to Davis, the discharged employee, admittedly there was cause which would have justified his discharge, but the Board, examining the evidence as a whole, concluded that, in fact, he was not discharged because of his record of absenteeism and tardiness nor for the purpose of making a place for the president's future son-in-law but because of his union activities.

In N. L. R. B. v. Buitoni Foods Corp., 3 Cir., 298 F.2d 169, 174, a case almost on all four's with the present one, this Court said,

"There is clearly no obligation on the Board to accept at face value the reason advanced by the employer. The concurrent existence of an otherwise valid reason for the discharge of an employee does not preclude a factual determination that his discharge was discriminatory if it appears from a preponderance of evidence, and the reasonable inferences drawn therefrom, that the discharge was in fact motivated by the employer's opposition to the employee's union activities."

This statement of the law is fully applicable to the present case and needs no elaboration.

It is the responsibility of the Board in a case of this kind to weigh the evidence and resolve the factual conflicts, and we see nothing in the record to cause us to disagree with the Board's findings and conclusions or to modify its order.

The petition for enforcement will be granted.