**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The PRINCETON INN COMPANY d/b/a Princeton Inn, Respondent.**

**No. 18173.**

United States Court of Appeals, Third Circuit.

Argued March 31, 1970.

Decided April 10, 1970.

Michael S. Winer, N.L.R.B., Washington, D. C., (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Herman M. Levy, Atty., N.L.R.B., on the brief), for petitioner.

Richard J. Casey, Trenton, N. J., for respondent.

Before HASTIE, Chief Judge, and MARIS and ADAMS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

■ The National Labor Relations Board is before this Court, pursuant to Section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*, seeking enforcement of its order issued on March 17, 1969, against respondent, The Princeton Inn Company. The order was entered after the Board found that the Inn violated Sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act. If there is substantial evidence on the record to support its findings, the Board's order must be enforced. Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

The Board affirmed the decision of its trial examiner that the Inn interfered with, restrained, and coerced its employees in violation of Section 8(a) (1) of the Act by forbidding the employees to solicit for the Union on the company premises without distinction between soliciting inside or outside the working area, and by threatening to abolish a dormitory provided for employees on company premises if the Union won the election.

The 8(a) (3) violation was based on the trial examiner's finding that the Inn discharged Alfred Visintini, a cook employed by the Inn, "in whole or in part because of Visintini's activities on behalf of the Union", rather than because of the foul and abusive language Visintini used in an argument with another employee of the Inn.

Because the Inn has not contested the general 8(a) (1) charges in its brief or oral argument, the only disputed issue is the real reason or motive for Visintini's discharge.

At the time of his discharge on April 10, 1968, Visintini had been employed by the Inn for almost ten years. The reason stated by the Inn for the discharge was that on the morning of April 10th, Visintini used foul and abusive language to a female employee, the switchboard operator, despite repeated warnings to him in the past against such conduct.

■ Assuming that Visintini used language which was so abusive as to justify his discharge under different circumstances, we are nonetheless required to enforce the Board's order because there is substantial evidence in the record to support its finding that "but for Visintini's role in the Union [the Inn] would not have discharged him." A discharge which is partially motivated by the employee's protected activity violates the Act despite the concurrent existence of an otherwise valid reason. Hugh H. Wilson Corp. v. N.L.R.B., 414 F.2d 1345, 1352 (3d Cir. 1969); N.L.R.B. v. Rubber Rolls Inc., 388 F.2d 71 (3d Cir. 1967); N.L.R.B. v. G & J Company, 346 F.2d 960 (3d Cir. 1965).

Visintini had been particularly vocal on behalf of the Union in a campaign before the 1965 election, which the Union lost, and at the time of his discharge was

the apparent leader of the Union forces at the Inn, urging the employees to vote for Union representation in a second election scheduled for the latter part of April, 1968. The Inn, which was opposed to the Union, was aware of these activities by Visintini. The day before Visintini was discharged, the Union demanded recognition by the Inn.[1]

The trial examiner found that Visintini had used foul language on other occasions, that "he reacted with choler when under pressure or provocation", and that this behavior was "apparently accepted by management as in the nature of the man". Except for one mild admonition, Visintini's conduct had not been openly criticized, and he had not been warned that continued use of such language would result in his discharge. The Inn contends that the language employed at the time in question was worse than that previously used. There is no finding to that effect, and in any event such would not be determinative if the basic reason for his discharge was his Union activity.

The trial examiner found that on the occasion of the argument with the switchboard operator, neither Visintini's supervisor nor a pantryman present admonished him. He also found that the insulted employee, who was opposed to the Union, did not leave Visintini's presence as soon as she was allegedly abused but remained in the kitchen while Visintini was going in and out preparing breakfast and was apparently not offended by the language.

█ In view of prior tolerance of Visintini's behavior and the Inn's opposition to the Union, as manifest by its actions, including its threats to abolish the dormitories and discouraging solicitation for the Union, there is more than just "some" evidence to support the

Board's finding that the real motive for Visintini's discharge was not the language used by him. We find substantial evidence to support the Board's decision that the reason for discharging Visintini was "in whole or in part because of his activity on behalf of the Union", and that this discouraged membership or support of the Union in violation of 8(a) (3).

The order of the Board will therefore be affirmed.

---

1. At the election, held after Visintini's discharge, the Union was chosen as the bargaining agent of the employees.

2. We in no way condone the language used by Visintini, but in light of the testimony that such language was frequently used by male and female employees and tolerated by management and that there was "no indication that [the insulted employee] was taking offense to the language", there is sufficient evidence that this was not the primary motive for Visintini's discharge.