**TENNESSEAN NEWSPAPERS, INC.**

v.

**FEDERAL HOUSING ADMINIS- TRATION et al.**

**Civ. A. No. 6107.**

United States District Court, M. D. Tennessee, Nashville Division.

July 8, 1971.

**1014**

William R Willis, Jr, Alfred H. Knight, III, Nashville, Tenn., for plaintiff.

Charles H. Anderson, U. S. Atty., Nashville, Tenn., for defendants.

## MEMORANDUM

MORTON, District Judge.

This action was filed by the Tennessean Newspapers, Inc., the publishing corporation of the Nashville Tennessean, to obtain an appraisal report made by an appraiser for the Federal Housing Administration, hereinafter referred to as "FHA." The Tennessean alleged that the reports are available for public inspection under 5 U.S.C. § 552. This Court has jurisdiction under 28 U.S.C. § 1291.

A resident of Nashville, Tennessee, purchased a home through a real estate concern, obtaining an FHA-insured mortgage. The record was not clear whether the mortgage was obtained before or after the purchase of the home. Incident to the issuance of a commitment to insure by the FHA, a staff appraiser evaluated the property and filed an appraisal report. A dispute, carried in the local papers, arose as to the true value of the house with evidence that the property was worth no more than $3,500. As a result of the public dispute, the plaintiff demanded and made repeated efforts to obtain access to the appraiser's report. The property owner does not have a suit pending and is not a party to this litigation.

After an initial hearing on a motion for a preliminary injunction, the FHA volunteered in open court to furnish the plaintiff a copy of the appraisal report, but to delete therefrom the name of the appraiser.

At the final hearing, the plaintiff complained that the appraisal report furnished was illegible and, in addition, that plaintiff was entitled to the name of the appraiser.

The plaintiff corporation maintains that as a taxpayer and a citizen under the law, it is entitled to such information under the "Freedom of Information Act," 5 U.S.C. § 552. The witnesses for the plaintiff are frank to admit that the plaintiff needs the name in order to question the appraiser to determine the basis for his decision.

The Court finds that in accordance with the theory of General Services Administration v. Benson, 415 F.2d 878 (9th Cir. 1969), plaintiff should be allowed access to the appraisal report. The Act at § 552(b) (5) provides the following exception to agency disclosure: "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The criteria for determining whether the report is or is not an intra-agency memorandum are the rules of discovery in this Court. Davis v. Braswell Motor Freight Lines, Inc., 363 F.2d 600 (5th Cir. 1966); General Services Administration v. Benson, *supra*.

Therefore, if the report is properly discoverable under 26(b) of the Federal Rules of Civil Procedure, it

must be furnished to plaintiff. Since the appraisal report contains "factual material rather than documents which comprise the administrative reasoning process of government" (General Services Administration v. Benson, *supra*, 415 F.2d at 880) and since there is no overwhelming equitable principle weighing against compelling disclosure, the Court hereby finds the appraisal report is a public record rather than an intra-agency memorandum within the above exception to the Freedom of Information Act. However, since no possible purpose would be served by releasing the identity of the appraiser and based on equitable considerations, the Court decrees that the identity of the appraiser be withheld.

It is therefore the opinion of this Court that the Federal Housing Administration should be and is hereby mandatorily required to furnish a legible report to the plaintiff, but shall delete therefrom the name of the appraiser.