669 So.2d 353 (1996)
Manis G. COX, Appellant,
v.
SCHOOL BOARD OF OSCEOLA COUNTY, Appellee.
No. 95-917.
District Court of Appeal of Florida, Fifth District.
March 15, 1996.
*354 John Paul Parks, John F. Wendel and Charles P. Chritton, of Wendel, Chritton & Parks, Chartered, Lakeland, for Appellant.
Usher L. Brown and Mary Van Leuven, of Brown & Williams, P.A., Kissimmee, for Appellee.
GRIFFIN, Judge.
Appellant, Manis Cox ["Cox"], appeals the final order of the School Board of Osceola County ["School Board"] denying him reinstatement to his position as a lead painter. We affirm.
Manis Cox worked for the School Board on an annual contract basis for eleven years as a painter. His employment during the 1993-94 school year expired on June 30, 1994. In March, 1994, the District's director of maintenance handed Cox a letter, a copy of which was to go into his personnel file, asserting that the director had reasonable suspicions Cox had violated Board policies by engaging in drug use. The letter offered Cox three options: enroll in an assistance program, take a drug screening test or resign. Cox denied the charge and chose to take the drug test, whereupon the director withdrew that option and suggested that Cox begin the counselling program. Cox continued to deny any drug use and refused to enroll in the program. After Cox's annual contract expired on June 30, 1994, Cox was not nominated by the superintendent for reappointment for the following year.
Cox filed a grievance with the School Board, asserting that his right to privacy under the Florida Constitution had been violated. The grievance requested that the letter from the maintenance director be removed from his employee file and that he be reinstated. The School Board conducted a hearing, on the third day of which the superintendent essentially conceded a lack of reasonable suspicion that Cox had engaged in drug use and agreed to remove the letter from Cox's employee file. The Board also issued an order concluding that the School Board's policy had not been appropriately implemented with respect to Cox, adding that no finding was made that Cox used illegal drugs. The Board ordered that all documents relating to Cox's grievance be kept in a file separate from Cox's standard employee file.
The School Board then conducted a hearing on whether it had the authority to reinstate Cox as a painter. After considering Cox's memorandum of law and the advice of its attorney, the Board concluded that under sections 230.23(5)(a) and 230.33(7)(a), Florida Statutes (1993),[1] the Board lacked authority *355 to reinstate Cox as a painter because the superintendent had refused to nominate him. The Board accordingly rendered the appealed order refusing reinstatement.
Cox claims that the superintendent's decision not to renominate him for a position with the District was tainted by an unconstitutional purpose, namely retaliation for his reaction to the director's unwarranted attempt to intrude upon his fundamental right to privacy. Cox contends that the superintendent should not be allowed to exercise his power in an unconstitutional manner to decline renominating an employee and that the law should be extended to allow (and, thus, presumably require) the School Board to remedy such conduct by the superintendent by hiring the unnominated employee. Although the School Board appeared sympathetic to Cox,[2] it concluded that it did not have the statutory authority to grant such relief.
District school boards are constitutional entities that are instructed to "operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law." § 230.03(2), Fla.Stat. (1993). The legislature has specifically outlined the procedure by which school district employees are appointed to their positions: the superintendent of the school district is to submit written nominations of persons to fill employee positions, and the school board is to act upon those recommendations by appointing the nominees or rejecting them for good cause. §§ 230.23(5)(a), .33(7)(a). Section 230.23(5)(a) further provides the limited exceptions: "If the third nomination by the superintendent for any position is rejected for good cause, if the superintendent fails to submit a nomination for initial employment within a reasonable time as prescribed by the school board, or if the superintendent fails to submit a nomination for reemployment within the time prescribed by law, the school board may proceed on its own motion to fill such position."
Cox offers that a superintendent's decision not to renominate a current employee amounts to a recommendation against reappointment, and that the School Board is obliged to act upon this negative recommendation by conducting the same "good cause" examination it would undertake with ordinary, affirmative recommendations. Cox relies for this proposition principally on the First District Court of Appeal's decision in Columbia County Bd. of Public Instruction v. Public Employees Relations Comm'n, 353 So.2d 127 (Fla. 1st DCA 1977), cert. den., 357 So.2d 185 (Fla.1978). In Columbia County, a school superintendent recommended to the school board that a nontenured mechanic not be rehired and that his job be eliminated. The board accepted the recommendation. The Public Employees Relations Commission [PERC] found that the superintendent's recommendation was improperly motivated by *356 disapproval of the employee's union activities and ordered him reinstated. On appeal by the board, the First District noted:
Sec. 230.23(5)(b), Fla.Stat. (1975) requires school boards to accept the recommendations of the superintendent concerning employment of noninstructional personnel unless the school board has good cause to reject a recommendation. In this case the Board had notice of cause to rejector at least to investigate the motive behindthe recommendation that Adams not be rehired, because prior to the Board meeting at which that recommendation was approved Adams' employee organization filed an unfair labor practice charge alleging superintendent Phillips told Adams he would be fired if he continued his union organizational activities.
Id. at 130 n. 5 (emphasis in original). The nonrenewed employee was reinstated to his position.
Columbia County differs from the present case in several respects: first, no union contract or unfair labor practice is involved here and there is no PERC order of reinstatement. Moreover, the statute that was controlling in Columbia County read:

[T]he school board must consider the recommendations or nominations of the superintendent submitted as prescribed by law and may not reject such recommendations or nominations except for good cause, and when such rejection is made a second and if necessary a third recommendation or nomination shall be requested and if made within a reasonable time as prescribed by the school board shall be considered or acted upon as prescribed by law; provided, that if the superintendent shall fail to submit his recommendations as prescribed by law or within a reasonable time as prescribed by the school board, the board shall have the right to nominate or to appoint on its own motion.
§ 230.23(5)(b), Florida Statutes (1975) (emphasis added). Under that statute, the school board accepted or rejected recommendations or nominations, while the statute now directs the board to accept or reject employees nominated. The current statute's directive provides that the Board "may reject for good cause any employee nominated," which does not include the Board rejecting a negative nomination and appointing an unnominated employee. See § 230.23(5)(a). The decision to nominate or not to nominate is the superintendent's and the burden of any tort committed in connection with that decision is the superintendent's. The School Board cannot, under Florida's statutory scheme, be in the business of adjudicating the constitutional infirmities that may underlie a superintendent's failure to nominate, much less begin hiring unnominated employees because it finds the superintendent's motives to be improper.
AFFIRMED.
GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] Section 230.23 provides in pertinent part:

230.23 Powers and duties of school board. The school board, acting as a board, shall exercise all powers and perform all duties listed below:
* * * * * *
(5) PERSONNEL.Designate positions to be filled, prescribe qualifications for those positions, and provide for the appointment, compensation, promotion, suspension, and dismissal of employees as follows, subject to the requirements of chapter 231:
(a) Positions, qualifications, and appointments.Act upon written recommendations submitted by the superintendent for positions to be filled and for minimum qualifications for personnel for the various positions and act upon written nominations of persons to fill such positions. The school board may reject for good cause any employee nominated. If the third nomination by the superintendent for any position is rejected for good cause, if the superintendent fails to submit a nomination for initial employment within a reasonable time as prescribed by the school board, or if the superintendent fails to submit a nomination for reemployment within the time prescribed by law, the school board may proceed on its own motion to fill such position.
§ 230.23(5)(a), Fla.Stat. (1993). Section 230.33 similarly provides:
230.33 Duties and responsibilities of superintendent. The superintendent shall exercise all powers and perform all duties listed below and elsewhere in the law....
* * * * * *
(7) PERSONNEL.Be responsible, as required herein, for directing the work of the personnel, subject to the requirements of chapter 231, and in addition he shall have the following duties:
(a) Positions, qualifications, and nominations.Recommend to the school board duties and responsibilities which need to be performed and positions which need to be filled to make possible the development of an adequate school program in the district; recommend minimum qualifications of personnel for these various positions; and nominate in writing persons to fill such positions....
§ 230.33(7)(a), Fla.Stat. (1993).
[2] One of the members even advocated giving Cox his job back, despite any lack of authority, with the hope that the superintendent would not spend school district money appealing the action. The Board did pass a motion requiring that the superintendent set up a meeting between himself, the maintenance director and Cox and attempt to put Cox back to work.